**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KEVIN HELMS,**

        **Plaintiff,**

**-vs-**     Case No.  **6:05-cv-383-Orl-22JGG**

**CENTRAL FLORIDA REGIONAL**
**HOSPITAL,**

        **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND FOR DISMISSAL OF CASE (Doc. No. 34)** |
| **FILED:** | **December 15, 2006** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part. | |

Plaintiff Kevin Helms filed this action seeking to hold Defendant Central Florida Regional Hospital ["CFRH"] liable for failing to pay him overtime wages in violation of the Fair Labor and Standards Act of 1938, as amended, 29 U.S.C. § 216(b) ["FLSA"].  Docket No. 1 (complaint); *see also* Docket No. 31 (amended complaint).  The parties have signed a written Settlement Agreement and General Release ["Settlement Agreement"], and jointly ask the Court to approve the settlement, dismiss the case with prejudice, and retain jurisdiction to enforce the terms of the settlement.  Docket

No. 34. On December 18, 2006, the Honorable Anne C. Conway referred the matter to this Court for issuance of a Report and Recommendation as to whether the settlement is a fair and reasonable resolution of a bona fide dispute. *Id.*

**I.     THE LAW**

    **A.     Approval of Settlements**

Congress enacted the FLSA to protect workers from low wages and long hours that can result from the inequality in bargaining power between employers and employees. The FLSA, therefore, provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be. . . ." 29 U.S.C. §216(b). The FLSA's provisions are mandatory and, except in two narrow circumstances generally are not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The two circumstances in which FLSA claims may be compromised are claims that are 1.) supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c) and 2.) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Before the Court may approve the settlement, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If a settlement in an employee FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354. Where the employer offers the plaintiff full compensation on his FLSA claim, no compromise is involved and judicial

approval is not required. *MacKenzie v. Kindred Hosp. East, L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003).

In determining whether the settlement is a fair and reasonable resolution, the Court adopts the factors used in approving the settlement of class actions:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). When considering these factors, the Court should keep in mind the "strong presumption" in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir.1977). Moreover, the Court is aware, as the parties must also be, that a "settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3d Cir.1995), *citing Cotton*, 559 F.2d at 1330.

### B. Awards of Reasonable Attorneys' Fees and Costs

An award of "reasonable attorneys' fee[s] . . . and costs" is mandatory under § 216(b) if the employer is held liable. Although the court is obligated to award the attorneys' fees, Congress's use of the word "reasonable" confers discretion upon the court to determine the amount of fees to be awarded. In determining the reasonableness of attorneys' fees pursuant to a fee-shifting statute, the lodestar generally is recognized as a reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).[1]

---

[1] The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of

Even a contested request for attorneys' fees "should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The party seeking attorneys' fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the attorney's qualifications and skill. *See id.* at 433, 437. Further, fee counsel must "supply the court with specific and detailed evidence from which the court can determine the reasonable hourly rate." *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir.1988). Satisfactory evidence of the prevailing market rate "at a minimum is more than the affidavit of the attorney performing the work," and must address rates actually billed and paid in similar lawsuits. *Id.* at 1299. Where the documentation is inadequate, the district court must still determine a reasonable fee, which it may do without further pleadings or an evidentiary hearing. *Id*. at 1303. This is because the court itself is an expert on the question and "may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id*. (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

In collective FLSA actions, the court has a duty to determine the reasonableness of the proposed attorneys' fees as part of the fairness determination. *See, e.g., Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998). This makes sense, as most settlements of collective actions involve a lump sum settlement with an amount to be deducted for attorneys' fees. In such cases, it is necessary for the court to evaluate the overall fairness of the settlement and the benefit to the plaintiffs.

---

reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988).

The FLSA does not require the court to assess the fairness of an agreed payment of attorneys' fees in settling an individual action. Indeed, the purpose of the fairness review is to ensure that an employer does not take advantage of an employee in settling his claim for wages, and not to ensure that the employee does not overcharge the employer. *See Lynn's Food Stores*, 679 F.2d at 1354. In an individual FLSA claim, where separate amounts are set forth for the payments of unpaid wages and payments for attorneys fees, the Court has greater flexibility in exercising its discretion in determining the reasonableness of the attorneys' fee. The Court takes judicial notice of Judge Conway's order in *Perez v. Nationwide Protective Services*, Case 6:05-cv-328-ORL-22JGG (October 31, 2005), where she ruled that "[t]he Court notes that it has an obligation to ascertain the reasonableness of any attorney fee award. However, an in depth analysis is not necessary unless the unreasonableness is apparent from the face of the documents."

The award of costs is made in accordance with 28 U.S.C. § 1920. *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162, 1169 (S.D. Fla. 2003). In an FLSA action, it is error for a district court to award costs in excess of those permitted by § 1920. *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567 (11th Cir. 1988) (district court erred in awarding expert witness fees under §216(b) that exceeded the amount allowed by § 1920). Likewise, a district court must identify reasons for denying costs to a prevailing party so that the appellate court has some basis to review whether the district court acted within its discretionary power. *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995).

## II.   APPLICATION

Plaintiff's original complaint asserted claims for unpaid wages pursuant to the FLSA and Florida law. Docket No. 1. After Defendant terminated Plaintiff from his job on June 28, 2006, Plaintiff sought leave to file an amended complaint to add state law claims against Defendant for

alleged retaliation and violation of the Florida Whistleblowers Act.  Docket Nos. 16.  The Honorable Anne C. Conway denied leave to file the amended complaint.  Docket No. 20.  Further, on February 26, 2006, Judge Conway *sua sponte* declined to exercise supplemental jurisdiction over Plaintiff's state law claim for unpaid wages, and ordered Plaintiff to file an amended complaint alleging only his federal law claims under the FLSA.  Docket No. 30.

On August 19, 2005, Plaintiff filed his amended complaint in which he alleged that Defendant did not pay him overtime wages for his work as a sleep technologist from 2004 through June 2005.  Docket No. 31 at 2 - 3.  Plaintiff further claimed that on June 28, 2005, Defendant terminated Plaintiff's employment in retaliation for initiating this FLSA action against Defendant.  *Id.* at 3 - 4.  Defendant denied these allegations, and asserted that it terminated Plaintiff for non-retaliatory reasons and that Plaintiff failed to mitigate his damages.  Docket No. 32 at 4.  Plaintiff also initiated an action against Defendant in the Ninth Judicial Circuit of Florida, asserting retaliation and unpaid wage claims pursuant to Florida law.  Docket No. 34 at 2.  Accordingly, upon consideration of the record and the procedural history of this case, the undersigned finds that this action involves a bona fide dispute as to liability and the amount owed.

The parties have agreed to settle this case, and have agreed, in conjunction, to settle the state case as well.  Under the terms of the Settlement Agreement, Defendant has agreed to pay a total settlement amount of $15,000 in three separate allocations: 1.) $500 to Plaintiff as back wages, 3.) $8,500 to Plaintiff as liquidated damages and compensatory damages, and 3.) $6,000 to Richard W. Smith (Plaintiff's counsel) as attorney's fees and costs.  Docket No. 34-2 at 2 - 3.  In terms of fairness of the settlement, each party was independently represented by counsel.  Counsel were obligated to vigorously represent their clients' rights.  The amount to be paid to Plaintiff and Plaintiff's counsel

is fair and reasonable, even considering the settlement of the federal and state cases.[2] In fact, according to the parties, the amount to be paid to Plaintiff includes 100 percent of Plaintiff's unpaid overtime wages plus liquidated and compensatory damages. Docket No. 34 at 1.

Also, based on the amount to be paid, there is no suggestion of collusion. Given the mandatory award of reasonable attorney's fees pursuant to 29 U.S.C. § 216(b), early resolution of FLSA claims are encouraged, and extensive discovery typically is unnecessary. Both parties stipulate that the settlement is fair and reasonable. *Id.* at 2. The Court finds that settlement of the federal action in favor of certainty was fair and reasonable.

Comparing the amount of the Plaintiff's recovery to amount of fees and costs to be paid , the amount to be paid to Plaintiff's counsel as attorney's fees and costs is also reasonable. Both parties urge this Court to approve the Settlement Agreement. The Court, therefore, finds it unnecessary to inquire into the reasonableness of the hourly rate charged by Plaintiff's counsel, and accepts the parties' stipulation as to the reasonableness of the attorney's fees and costs.

In their motion, the parties also include a request that the Court retain jurisdiction to enforce the terms of the Settlement Agreement, but make no argument and cite no legal authority on this issue. The undersigned therefore recommends that the case be dismissed subject to the right of any party to move the Court within sixty days thereafter for the purpose of entering a stipulated form of final order or judgment; or, on good cause shown, to reopen the case for further proceedings. *See* Local Rule 3.08(b).

---

[2] The Court makes no findings as to the fairness of the settlement of the state case. Instead, the Court finds that the settlement of this federal action is fair and reasonable even in light of the settlement of the state claims in conjunction with the FLSA claims.

Accordingly, it is **RECOMMENDED** that:

1.) The Joint Motion for Approval of Proposed Settlement and to Dismiss Case with Prejudice [Docket No. 34] be **GRANTED** in part and **DENIED** in part;

2.) The Settlement Agreement [Docket No. 34-2] be **APPROVED**;

3.) The request for the Court to retain jurisdiction to enforce the terms of the Settlement Agreement be **DENIED**;

4.) The case be dismissed subject to the right of any party to move the Court within sixty days thereafter for the purpose of entering a stipulated form of final order or judgment; or, on good cause shown, to reopen the case for further proceedings (*see* Local Rule 3.08(b)); and

5.) the Clerk should be directed to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 21, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Anne C. Conway
Counsel of Record
Unrepresented Party
Courtroom Deputy